```
Stanley A. Zlotoff, State Bar No. 073283
Attorney at Law
300 S. First St. Suite 215
San Jose, CA   95113

Telephone (408) 287-1313
Facsimile (408) 287-7645

Attorney for Debtor
```

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

```
In re                           ) Chapter 13
                                )
Kooros Naderzad,                )
                                ) Case No: 11-58643 ASW
            Debtor              )
_____/
                                )
Javad Saraydarpour,             )
                                )
                                ) Adv. Pro. No. 11-05346
                                )
            Plaintiff,          ) Date: March 6, 2012
Vs.                             )
                                ) Time: 2:15 p.m.
Kooros Naderzad,                )
                                )
            Defendant.          )
_____/
```

POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Rules of Federal Procedure lies for failure of the complaint to "state a claim upon which relief can be granted."

In order to escape a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

- 1

claim to relief that is plausible on its face. *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007).

UNDERLYING FACTS

The Complaint pleads a single cause of action, based on Section 523(a)(4), for fraud or defalcation while acting as a fiduciary.

The operative facts are set forth below, using the paragraph numbers set forth in the Complaint:

"5. Plaintiff and Defendant decided to start a business for their mutual profit and benefit. In furtherance of this goal, Plaintiff and Defendant created Greer Auto Wreckers, Inc., a California corporation on June 26, 2006."

"6. Plaintiff and Defendant were the only two shareholders of Greer Auto Wreckers, Inc. (hereinafter "Greer") with Plaintiff holding 25% of shares and Defendant holding 75% of shares."

"7. Defendant and Plaintiff entered into a written agreement on March 20, 2007 (hereinafter "Trust Agreement") regarding the operations of the business. The Trust Agreement created a fiduciary relationship between Plaintiff and Defendant in addition to the pre-existing fiduciary relationship based upon this business relationship. The applicable text of the agreement is as follows

> Whereas Kooros Naderzad has complete supervision and responsibility for the business, the legal consequences of the decisions by Kooros shall be solely with respect to the business and he undertakes responsibility."

"8. Defendant allowed the workman's compensation insurance required by state law to lapse. Defendant omitted telling Mr. Saraydarpour."

"9. Defendanat failed to keep Javad Saraydarpour appraised of the status of Greer Auto Wreckers, Inc. Defendant failed to tell Mr. Saraydarpour that he was filing bankruptcy, that he was getting an appraisal of the business, and that other issues about the financial status of Greer."

"12. Plaintiff and Defendant were in a fiduciary relationship because of the Trust Agreement that both parties entered into. Specifically the language "…granting complete supervision and responsibility for the business…" required Defendant to treat Plaintiff as a fiduciary. This goes beyond the normal relationship between shareholders of a corporation and expressly puts Defendant in a greater position of care and responsibility towards Plaintiff."

"13. Further, Defendant owes Plaintiff a fiduciary duty as the sole majority shareholder of the business."

NO EXPRESS TRUST HAS BEEN ALLEGED

The term "fiduciary" as used in Section 523(a)(4) has been consistently limited to express trusts. In re Thornton, 544 F.2d 1005, 1007 (9th Cir. 1976).

"The broad, general definition of fiduciary—a relationship involving confidence, trust and good faith—is inapplicable in

- 3 -

the dischargeability context." Ragsdale v. Haller, 780 F.2d 794, 796 (9th Cir. 1986).

"For a trust relationship under Section 523(a)(4) to be established, the applicable state law must clearly define fiduciary duties and identify trust property." In re Honkanen, 446 B.R. 373, 379 (9th Cir. BAP 2011).

"The mere fact that state law puts two parties in a fiduciary-like relationship does not necessarily mean it is a fiduciary relationship within 11 U.S.C. Section 523(a)(4)." Id.

"California law does not hold that a majority shareholder is a trustee of the corporate assets or any interests that shareholders may have in the corporate res." In re Cantrell, 329 F. 3d 1119, 1127 (9th Cir. 2003). As a result, "a minority shareholder could not maintain a Section 523(a)(4) cause of action against a majority shareholder." Id.

The Complaint fails to plead the existence of an express trust, and therefore fails to properly plead a cause of action under Section 523(a)(4).

CONCLUSION

The Complaint should be dismissed.

Dated: 1/19/2012                    /s/Stanley Zlotoff